PER CURIAM.
By a petition for certiorari Theodore S. Williams seeks reversal of a decree supplementary to a decree of divorce which awards to respondent a lump sum settlement in lieu of permanent alimony, together with certain required weekly alimony payments pending ultimate payment of the lump sum award.
On May 9, 1955, the Chancellor awarded a final decree of divorce -to the respondent and reserved jurisdiction to' dispose of certain property rights and alimony considerations. By a supplemental decree dated May 11, 1955 the Chancellor required disposition of certain parcels of property and included in his decree the following provision:
“5. As a lump sum settlement, and in lieu of alimony or other claim for property settlement, the plaintiff is hereby awarded a lump sum settlement .of $50,000.00 to be paid by the defendant to the plaintiff in full and complete settlement of all such claims for alimony, property settlement or lump sum claims, which said sum shall be paid by the defendant on or before two years from date hereof. Until such payment is made the defendant shall continue to pay to the plaintiff as alimony the sum of $125.00' per week to be paid each and every ■week, continuing in the same manner as it has heretofore been paid, said payment to be made at least by Saturday of each week beginning with *226 Saturday May 14, 1955, which payment shall not be charged against the lump sum settlement of $50,000.00, the court having taken into consideration. that with the sum of $50,000.00 the plaintiff will have funds for investment and for use. The obligation to make this payment shall be terminated after the $50,000.00 has been paid to the plaintiff.”
The record has been carefully considered and we fail to find any basis for denying to the decree appealed from the presumption of correctness to which it is entitled except in the particulars hereinafter pointed out. The Chancellor heard the evidence and obviously made a fair and reasonable effort to adjudicate the property rights and financial arrangements that should control in the situation that developed before him.
With reference to the quoted provision of the decree, however, it appears that the Chancellor fixed the lump sum settlement of $50,000 to be paid within two years and provided that pending ultimate payment the petitioner would be required to pay the respondent $125 per week which would not be credited against the lump sum. It appears to us that the petitioner should not be penalized during the period of time the Chancellor obviously allowed to him to arrange his affairs in order to enable him to make the substantial lump sum settlement. At the same time we recognize that the respondent doubtless will be in need of funds for living expenses and that she should be entitled to interest at the legal rate during the period that the lump sum payment is held in abeyance.
The particular provision of the decree appealed from should be modified so as to provide for interest on the lump sum award at the rate of six percent per annum from the date of the decree until paid within the two-year period allowed by the Court, but with the further proviso that all amounts paid to the respondent weekly as alimony under the decree shall be credited against the lump sum award with interest accrued thereon at the rate stipulated when the lump sum is ultimately paid.
The petition is therefore granted with reference to the particular provision of the decree above quoted and as to that provision the decree appealed from is quashed and the cause is remanded for modification of the decree in accordance with this opinion.
In all other respects the petition is denied.
DREW, C. J., and THOMAS, THOR-NAL and O’CONNELL, JJ., concur.